# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:05-cr-389-T-23TBM |
| vs. | USM NUMBER: 48139-018 |
| SANDRA AVERY | |
| | Defendant's Attorney: Thomas H. Ostrander, cja |

THE DEFENDANT:

_X_ was found guilty on counts ONE, TWO, FOUR, FIVE, SIX, SEVEN, and EIGHT of the Superseding Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 84(b)(1)(A)(iii) | Conspiracy to Possess With the Intent to Distribute 50 Grams or More of Cocaine Base | August 19, 2005 | ONE |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 | Possession With Intent to Distribute a Quantity of Cocaine Base | March 29, 2005 | TWO |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) | Possess With the Intent to Distribute 50 Grams or More of Cocaine Base | April 8, 2005 | FOUR |

**\*\*SEE NEXT PAGE FOR CONTINUATION OF OFFENSES OF CONVICTION\*\***

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: January 3, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: January 6th, 2007

| Defendant: | SANDRA AVERY | | Judgment - Page 2 of 7 |
|---|---|---|---|
| Case No.: | 8:05-cr-389-T-23TBM | | |

## **CONTINUATION OF OFFENSES OF CONVICTION**

| | | | |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 | Possess With the Intent to Distribute 50 Grams or More of Cocaine Base | April 8, 2005 | FIVE |
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) | Possess With the Intent to Distribute a quantity of Cocaine | April 8, 2005 | SIX |
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) | Possess With the Intent to Distribute 50 Grams or More of Cocaine Base | August 19, 2005 | SEVEN |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)(ii) | Possess With the Intent to Distribute a quantity of Cocaine Base | August 19, 2005 | EIGHT |

X  Counts ONE, TWO, FOUR, FIVE, SIX, and SEVEN of the underlying indictment are dismissed on the motion of the United States.

Defendant:     SANDRA AVERY     Judgment - Page 3 of 7
Case No.:     8:05-cr-389-T-23TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **LIFE IMPRISONMENT**.

The term consists of:
LIFE IMPRISONMENT as to Counts One, Four, Five, and Seven of the Superseding Indictment and ONE HUNDRED FIFTY-ONE (151) MONTHS as to Counts Two, Six, and Eight of the Superseding Indictment; all such terms to run concurrently.

_X_ The court makes the following recommendations to the Bureau of Prisons: confinement at a correctional facility as close to Hazelton, West Virginia, as possible.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | SANDRA AVERY | Judgment - Page 4 of 7 |
| Case No.: | 8:05-cr-389-T-23TBM | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ONE HUNDRED TWENTY (120) MONTHS**. The term consists of One hundred twenty (120) months as to Counts One, Four, Five, and Seven of the Superseding Indictment and Seventy-two (72) months as to Counts Two, Six, and Eight of the Superseding Indictment; all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

__X__   The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

Defendant: SANDRA AVERY
Case No.: 8:05-cr-389-T-23TBM

Judgment - Page 5 of 7

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program, the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.

X     The defendant shall participate in a mental health treatment program and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment in an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

| | | |
|---|---|---|
| Defendant: SANDRA AVERY | | Judgment - Page 6 of 7 |
| Case No.: 8:05-cr-389-T-23TBM | | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $700.00 | $ waived | $ |

\_\_  The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

\_  Restitution amount ordered pursuant to plea agreement  $ _____.

\_  The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_  the interest requirement is waived for the \_\_\_ fine \_\_\_ restitution.

\_  the interest requirement for the \_\_\_ fine \_\_\_ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: SANDRA AVERY | Judgment - Page 7 of 7 |
| Case No.: 8:05-cr-389-T-23TBM | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__   Lump sum payment of $ __700.00__ due immediately, balance due

   ___ not later than _____, or

   ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___   Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  ___   Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_   Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


_   The defendant shall pay the cost of prosecution.

_   The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

   Pursuant to the attached Preliminary Order of Forfeiture (Doc. 205).
   Real property and any appurtenance thereto located at 4337 Arrow Avenue, Sarasota, Florida, which is legally described as follows: Lot 109, NOTTINGHAM SUBDIVISION, as per plat thereof recorded in Plat Book 27, Pages 9, 9A through 9G, of the Public Records of Sarasota County, Florida. Parcel ID Number: 0052-01-0054

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Case No. 8:05-cr-389-T-23TBM |
| SANDRA AVERY, a/k/a "Sandra Dorsey," | : |
| Defendant. | : |

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Entry of a Preliminary Order of Forfeiture as to real property, which, at sentencing, shall be a final order of forfeiture as to defendant Sandra Avery's interest in real property subject to forfeiture. The Court, being fully advised in the premises, hereby finds that the United States has established the requisite *nexus* between the asset described below and the conspiracy and cocaine possession with intent to distribute to which defendant Sandra Avery was found guilty.

> Real Property and any appurtenance thereto located at 4337 Arrow Avenue, Sarasota, Florida, which is legally described as follows:
>
> Lot 109, NOTTINGHAM SUBDIVISION, as per plat thereof recorded in Plat Book 27, Pages 9, 9A through 9G, of the Public Records of Sarasota County, Florida.
>
> Parcel ID Number: 0052-01-0054

Accordingly, this asset is subject to forfeiture pursuant to 21 U.S.C. § 853.

The court further finds that real property was facilitating property that defendant Sandra Avery used to conspire and possess with intent to distribute.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that the United States' motion is GRANTED.

It is further **ORDERED** that all right, title, and interest of defendant Sandra Avery in the following asset are hereby CONDEMNED and FORFEITED to the United States of America for disposition according to law, pursuant to the provisions of 21 U.S.C. § 853:

> Real Property and any appurtenance thereto located at 4337 Arrow Avenue, Sarasota, Florida, which is legally described as follows:
>
> Lot 109, NOTTINGHAM SUBDIVISION, as per plat thereof recorded in Plat Book 27, Pages 9, 9A through 9G, of the Public Records of Sarasota County, Florida.
>
> Parcel ID Number: 0052-01-0054

The Court shall retain jurisdiction to enter any orders necessary for the forfeiture and disposition of these assets, and to entertain any third party claims that may be asserted in the ancillary proceedings.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of September, 2006.

HON. STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:  Tonya L. Shotwell, AUSA
Attorneys of Record

2